ACCEPTED
03-14-00644-CV
4422882
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:26:40 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00644-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:26:40 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

JOSE A. PEREZ

Appellant

Vs.

TEXAS MEDICAL BOARD and MARI ROBINSON JD, in her Official Capacity

Appellees.

Appeal from the 53rd Judicial District Court
Travis County , Texas

Appellant's Amended Initial Brief

Jose A. Perez
34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

Oral Argument Waived

1

## Identity of Parties and Counsel

**Appellant/Plaintiff**

   Jose A. Perez, Proceeding pro se

**Appellees/Defendants**

   Texas Medical Board

   Mari Robinson, executive director, in her Official Capacity

Counsel for Appellees

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................2

Table of Contents...................................................................................................3

Index of Authorities...............................................................................................3

Statement of the Case ..........................................................................................16

Issues Presented ...................................................................................................16

Statement of Facts............................................................................................... 17

Summary of the Argument ..................................................................................18

Argument .............................................................................................................23

Standard of Review…………………………………………………………….22

Prayer ...................................................................................................................59

Certificate of Service ..........................................................................................59

Tex R. App. P. 9.4(i)(3) Certificate of Compliance………………………………60

## Index Of Authorities

### Cases

A.R. Logan v. The State,
  5 Texas Court Of Appeals 306 (Tyler-1878)………………………………27, 33

Aguilar v. Frias,
366 SW 3d 271,  273 (Tex. App.—El Paso 2012)……………………………49, 50

Alabama v. White,
  496 US 325, 328-331 (1990)………………………………………………………36

Allison v. Nat'l Union Fire Ins. Co.,
  703 SW 2d 637,   638 (Tex. 1986) (per curiam)……………………………….41

Austin Chevrolet, Inc. v. Motor Vehicle Bd.,
  212 S.W.3d 425, 438 (Tex. App.-Austin 2006, pet. denied)……………………39

Bank of Woodson v. Stewart,
  632 S.W.2d 950, 956 (Tex. App.-Austin 1982),
  dism'd as moot, 641 S.W.2d 230 (Tex. 1982)………………………………..26

Barber v. Texas Dept. of Transportation,
  49 S.W.3d 12 (Tex.App. Dist.3 04/05/2001)……………………………30, 32, 46

Bay City Federal Savings and Loan Ass'n. v. Lewis,
  474 SW 2d 459  (Tex. 1971)…………………………………………………34, 54

Black v. 7-Eleven Convenience Stores,
  03-12-00014-CV, 03-12-00015-CV (Tex.App. Dist.3 03/07/2014)……………29

Bounds v. Smith,
  430 US 817,  (1977)……………………………………………………………57

Brazos River Authority v. City of Graham,
  335 SW 2d 247,  251 (Tex. Civ. App.--Fort Worth 1960),
  aff'd., 354 SW 2d 99  (1961)………………………………………………….48

City of Houston v. Johnny Frank's Auto Parts,
  480 SW 2d 774  (14th DCA- 1972, writ ref'd n.r.e.)………………...29, 30, 32, 46

Childs v. Weis,
  440 S.W.2d 104, 107 (Tex. Civ. App.--Dallas **1969**, no writ)…………………37

CHCA E. Houston, L.P. v. Henderson,
  99 SW 3d 630, 633 (Tex. App.-Houston [14th Dist.] 2003, no pet.)…………...40

City of Dallas v. Heather Stewart,
  No. 09-0257 (Tex. 01/27/2012)……………………………………………56

City of El Paso v. Heinrich,
284 S.W.3d 366, 370-74 (Tex. 2009)…………………………………………………..50

City of Monterey v. Del Monte Dunes at Monterey,
526 U.S. 687, (U.S. 05/24/1999)………………………………………………53

City of Sherman v. Pub. Utility Comm'n of Texas,
643 SW 2d 681,  686 (Tex. 1983)……………………………………………….39

Chicago, B & Q.R. Co. v. Chicago
166 U.S. 226 (1897)……………………………………………………………….51

Cleveland Board of Education v. Loudermill.,
470 US 532 , 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985)…………………………...29

Cooper v. Tex. Gulf Indus., Inc.,
513 SW 2d 200,  203-04 (Tex. 1974)…………………………………………...41

Combs v. Entertainment Publications, Inc.,
292 S.W.3d 712 (Tex.App. Dist.3 06/12/2009)…………………………………39

Conner v. Johnson,
No. 2-03-316-CV (Tex. App. Dist.2 10/28/2004)………………………….31, 32

Continental Casualty Insurance Co. v. Functional Restoration Associates,
19 S.W.3d 393, 19 S.W.3d 393 (Tex. 04/06/2000)……………………………..26

Christopher v. Harbury,
536 US 403 (2002)……………………………………………………………..57

Club Retro LLC v. Hilton,
568 F.3d 181 (5th Cir. 05/06/2009)…………………………………………..36

Cypress-Fairbanks Indep. Sch. Dist. v. Texas Educ. Agency,
797 S.W.2d 336, 342-43 (Tex. App.-Austin 1990)…………………………….42

Dent v. State of W. Va.,
129 US 114, 121-22 (1889)…………………………………………………….44

Downing v. Brown,
 935 SW 2d 112, 114 (Tex. 1996)…………………………………………………..31

Dubai Petroleum Co. v. Kazi,
 12 S.W.3d 71, 75 (Tex. 2000)……………………………………………………….31

ElderCare Properties, Inc. v. Texas Department of Human Services,
 63 S.W.3d 551 (Tex. App. Dist.3 12/06/2001)………………………………….25

El Paso Hosp. Dist. v. Texas Health & Human Servs. Comm'n,
 247 S.W.3d 709 (Tex. 2008)……………………………………………………38

Ex parte Abell,
 613 S.W.2d 255, 260 (Tex. 1981)…………………………………………...30, 43

Flores v. Employees Retirement Sys. of Tex.,
 74 S.W.3d 532 (Tex. App.-Austin 2002, pet. denied)………………….…..39

Francisco v. Board of Dental Examiners,
 149 S.W.2d 619, 622 (Tex. Civ. App. -- Austin 1941, writ ref'd)………………29

Freeman v. City of Dallas,
242 F.3d 642, 647 n.5 (5th Cir. 2001) (en banc)

G.C. & S.F. Ry. Co. v. Fuller,
 63 Tex. 467, 469 (**1885**)…………………………………………………49

General Servs. Comm'n v. Little-Tex Insulation Co.,
 39 SW 3d 591,  599 (Tex. 2001)………………………………………………..39

Gibson v. Texas Municipal Retirement System,
 683 SW 2d 882   (Tex. App.--Austin 1985, no writ)………………………34, 54

Gutierrez v. Laredo Independent School Dist.,
 139 S.W.3d 363 (Tex.App. 05/12/2004)…………………………………….42

Griffin v. Hawn,
 341 SW 2d 151,  152 (Tex. 1960)………………………………………………47

Hamilton v. Washington,
  NO. 03-11-00594-CV (3rd DCA - December 23, 2014)…………………………...38

Harris County v. Sykes,
  136 S.W.3d 635 (Tex. 05/28/2004)……………………………………………45

Heck v. Humphrey,
512 U. S. 477, 483 (1994)…………………………………………………………..53

Holland St. John, M.D v. Marty Howard Pope and Sally Bates Pope,
  901 S.W.2d 420 (Tex. 06/08/1995)…………………………………………………..37

Hull v. Texas State Board Public Accountancy,
  434 SW 2d 387 (Tx App. – Houston- (11/06/68)…………………………………….28

In Re Clifford  Hall,
  NO. 14-14-00062-CV , (14th DCA - May 28, 2014)………………………40, 41

Industrial Accident Bd. v. O'Dowd,
  303 S.W.2d 763 (Tex. 1957)………………………………………………………….44

In re State Bd. for Educator Certification,
  No. 13-0537, (Tex. Dec. 19, 2014)………………………………………………...26

In re Texas Medical Board, 315 S.W.3d 177
  (Tex.App. Dist.6 06/01/2010)……………………………………………………….35

Jackson v. Procunier,
   789 F.2d 307 (5th Cir. 05/09/1986)………………………………………………57

Jones v. Ross,
   173 S.W.2d 1022, 1024 (Tex. 1943)…………………………………………………26

Kadrmas v. Dickinson Public Schools,
  487 U.S. 450, 456-457  (1988)……………………………………………………..29

Katz v. United States,
   389 US 347 ,  351 (1967)……………………………………………………………36

Ker v. California,
374 U.S. 23, 30, 83 S.Ct. 1623, 1628 (1963)……………………………………..52

Kent , et al, v Dulles,
357 US 116 (U.S. 06/16/1958)…………………………………………………49

Kentucky v. Graham,
 473 U.S. 159, 165 (1985)……………………………………………………49, 50

Kobza v. Kutac,
 109 S.W.3d 89 (Tex.App. Dist.3 05/30/2003)…………………………………..31

Kodiak Resources, Inc.  v. Smith,
 No. 09-10-00362-CV (Tex.App. Dist.9 02/16/2012)………………………41. 45

Land O'Lakes Creameries v. La. State Bd. of Health,
160 F. Supp. 387, 388 (E.D. La. 1958)…………………………………………25

Latham v. Security Insurance Co. of Hartford,
 491 SW 2d 100 (Tex. 1972)……………………………………………………28

Lopez v. Aziz,
 852 S.W.2d 303, 306 (Tex. App.--San Antonio 1993, no writ)………………...37

Lucas v. South Carolina Coastal Council,
505 US 1003,  1019 (1992)……………………………………………...47, 51

Lynch v. United States,
 292 U.S. 571 (1934)…………………………………………………………….49

Mann v. Texas State Board Medical Examiners ,
 403 SW 2d 218 (Texas Appellate Austin)
 affirmed 413 S.W.2d 382, (03/29/67)……………………………….26, 27, 34

Mapp v. Ohio,
 367 US 643 , 367 US 643, 655 (1961)………………………………………36

Marino v. King,
355 SW 3d 629,634 (Tex. 2011)………………………………………………57

Marshall v. Barlow's, Inc.,
  436 US 307(1978)…………………………………………………………………..36

Middletown v. Texas Power & Light Co.,
  185 S.W. 556, 560 (Tex. 1916)……………………………………………26, 43

Milestone Operating, Inc. v. ExxonMobil Corp.,
 388 SW 3d 307, 310 (Tex. 2012)…………………………………………………57

McCain v. Yost,
284 S.W.2d 898, 900 (Tex. 1955)…………………………………………..30, 43

McCarthy v. Madigan,
  503 US 140,  146-48 (1992)……………………………………………………..32

Middletown v. Texas Power & Light Co.,
  185 S.W. 556, 560 (Tex. 1916)

 Mitz v. Texas State Board of Veterinary Medical Examiners,
  278 S.W.3d 17 (Tex.App. Dist.3 11/14/2008)…………………………………32, 38

Nautilus , Inc. v Biosig Instruments, Inc.
  No. 13-369 (US Supreme Court - June 2, 2014)…………………………………49

Newman v. Bryan,
  06-13-00063-CV (Tex.App. Dist.6 10/09/2013)…………………………………49, 50

Patel, et al  v.  Texas Department of Licensing and Regulation,
  No. 03-11-00057-CV (Tex.App. Dist.3 07/25/2012)…………………………….23

Paul v. Davis,
  424 US 693,  710-11 (1976)……………………………………………………..29

Payne v. Texas State Board of Medical Examiners,
  No. 03-07-00558-CV (Tex.App. Dist.3 03/12/2009)…………………………...39

Pennsylvania Coal Co. v. Mahon,
260 US 393   (1922)…………………………………………………………….49

Presley v. City of Charlottesville,
 464 F.3d 480, 487 (4th Cir. 2006)……………………………………………..52

Railroad Commission of Texas v. WBD Oil & Gas Co.,
 104 S.W.3d 69 (Tex. 02/13/2003)………………………………………..34

 Railroad Comm'n v. ARCO Oil & Gas Co.,
 876 SW 2d 473, 478 (Tex. App.-Austin 1994, writ denied)……………………42

Rector v. Texas Alcoholic Beverage Commission,
 599 S.W.2d 800, (Tex. 1980)……………………………………………35

Renault v City of Houston ,
415 S.W.2d 948  (10th DCA- 05/18/67)………………………………………49

Robinson v. Crown Cork & Seal Co.,
 335 SW 3d 126,   147 (Tex. 2010)……………………………………….27, 30

Salas v. Gamboa,
 760 S.W.2d 838, 840 (Tex.App.--San Antonio 1988, no writ)…………………37

San Antonio River Authority v. Garrett Brothers,
 528 SW 266,  273 (Tex. Civ. App.--San Antonio 1975, writ ref'd n.r.e.)………48

San Remo Hotel, L.P. v. City & Cnty. of S.F., Cal.,
 545 US 323, 346 (2005)……………………………………………………52

Satterfield v. Crown Cork & Seal Co., Inc.,
 268 S.W.3d 190 (Tex. App. Dist.3 08/29/2008)………………………………...26

Sierra Club v. Tex. Natural Res. Conservation Comm'n,
 26 SW 3d 684, 688 (Tex. App.-Austin 2000)……………………………..41

 Scott v. Texas State Board of Medical Examiners,
 384 S.W.2d 686, 690 (Tex. Sup. 1964)…………………………..26, 28, 29, 34

Scott v. Presidio I.S.D.,
 266 S.W.3d 531 (Tex.App. Dist.3 08/28/2008)………………………………40

Severance v. Patterson,
566 F.3d 490 (5th Cir. 04/23/2009)…………………………………………………52, 53

Sholdra v. Bluebonnet Sav. Bank, FSB,
858 SW 2d 533, 535 (Tex. App.-Fort Worth 1993, writ denied)………………54

Smith v Tarrant County Bail Bond Board,
997 SW 2d 870 (Tex App Dist 2 – 1999)……………………………………….24

Soldal v. Cook County,
506 U.S. 56, 61, 113 S.Ct. 538, 543 (1992)…………………………………...52

Spann v. City of Dallas,
235 S.W. 513 (1921)…………………………………………………29, 30, 32, 46

State Bd. of Medical Examiners v. Mann,
413 S.W.2d 382, (Tex. 1967)…………………………………………………..28

State ex rel Caldwell v. Allstate Insurance Co.,
536 F.3d 418 (5th Cir. 07/18/2008)…………………………………………..25

State v. Hale,
146 SW 2d 731 (Tex. 1941)……………………………………………………47

State v. Holland,
221 S.W.3d 639, 643 (Tex. 2007)………………………………………49, 51

State v. Thomas,
766 SW 2d 217, 220 (Tex. 1989)……………………………………………..26

State v. Woodard,
341 SW 3d 404, 411 (Tex. Crim. App. 2011)………………………………...36

Stop the Beach Renourishment, Inc. v. Florida Dep't of Environmental Protection,
No. 08-1151 (U.S. 06/17/2010)………………………………………..47, 51

Subaru of Am., Inc. v. David McDavid Nissan, Inc.
84 S.W.3d 212, 219 (Tex. 2002)………………………………………36, 43

Swilley v. McCain,
374 S.W.2d 871 (Tex. 1964)…………………………………………………………29

Tatro v. Texas,
703 F.2d 823, 832 (5th Cir. 1983)……………………………………………26

Terry v. Ohio,
392 US 1,   22 (1968)………………………………………………………36

Texas Alcoholic Beverage Commission, v. American Legion
NO. 03-11-00703-CV (3rd DCA- May 16, 2014)……………………………………23

Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.,
830 SW 2d 88, 90 FN3 (Tex. 1992)……………………………………………42

Texas Educ. Agency v. Leeper,
893 S.W.2d 432, 443 (Tex. 1994)……………………………………………39

Texas Comptroller of Public Accounts v. Walker Electric Company, et al ,
NO. 03-13-00285-CV (3rd DCA- November 21, 2014)………………………...22

Texas Department of Public Safety v. Caitlin Elizabeth Adkins,
No. 11-10-00298-CV;  (Tex.App. Dist.11 08/16/2012)………………………...36

Texas Dep't of State Health Servs. v. Balquinta,
429 SW 3d 726, 747 (Tex. App-Austin 2014, pet. filed)…………………32, 39

Tex. Dep't of Parks & Wildlife v. Miranda,
133 SW 3d 217,   227 (Tex. 2004)………………………………22, 49, 50, 51

Texas Parks and Wildlife Department v. the Sawyer Trust,
No. 07-0945 (Tex. 08/26/2011) ……………………………………………...50

Texas Logos, L.P. v. Texas Dep't of Transp.,
241 S.W.3d 105 (Tex. App.-Austin 2007, no pet.)……………………………...39

Texas State Board Medical Examiners v. Haney ,
472 S.W.2d 550 (Tx App –Austin -  (10/27/71)……………………………...28

Texas State Bd. of Pharm. v. Walgreen Tex. Co.,
 520 SW 2d 845  (Tex. App.--Austin 1975, writ ref'd n.r.e.)……………………32

Texas State Board of Pharmacy **v** Witcher,
 447 SW 3d 520 (3rd DCA- October 31, 2014)…………………………………..38

Texas Vending Comm. v. Headquarters Corp.,
 505 SW 2d 402 (Tex. Civ. App. – Austin - 1974, writ ref'd n.r.e.)……………..29

Tex. Workers' Comp. Comm'n v. Garcia,
893 SW 2d 504, 521  (Tex. 1995)…………………………………………………...58

Town of Nags Head v. Toloczko,
 12-1537 (4th Cir. 08/27/2013)…………………………………………………52

The State v James A. Goldman,
 44 Tex. 104 (1875)………………………………………………………….27, 33

Travelers Ins. Co. v. Marshall,
 76 S.W.2d 1007, 1011-12 (Tex. 1934)…………………………………………….26

Travelers Ins. Co. v. Joachim,
 315 SW 3d 860, 862 (Tex. 2010)………………………………………………55

Trevino v. State,
 03-12-00060-CV (Tex.App. Dist.3 08/07/2013)…………………………………..45

United States v. Johnson,
 319 US 302, 304 (1943)………………………………………………………...25

United States v. Jacobsen,
466 U.S. 109, 113, 104 S.Ct. 1652, (1984)……………………………………….52

United States v. James Daniel Good Real Property,
510 U.S. 43, 49-50, 114 S.Ct. 492, 499 (1993)…………………………………...52

United States v. Jones,
 132 S.Ct. 945, 181 L.Ed.2d 911 (U.S. 01/23/2012)……………………………36

Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser,
  140 SW 3d 351, 358 (Tex. 2004)…………………………………………………...57

Vartelas v. Holder,
  132 S.Ct. 1479 (U.S. 03/28/2012)………………………………………………30

Waller v. State,
  68 S.W. 2d 601, 605 (Tex. Civ. App. -- Amarillo 1934, writ ref'd)……………29

Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,
  473 U.S. 172, (1985)…………………………………………………………….51

Wolff v. McDonnell,
  418 US 539, 559 (1974)…………………………………………………………35

Young v. the State of Texas,
  No. 14-10-00646-CR (Tex. App. Dist.14 01/10/2012)…………………………42

Zenith Star Ins. Co. v. Wilkerson,
  150 S.W.3d 525, 533 (Tex. App.--Austin 2004, no pet.)………………………40

Zimmer v. Miller Trucking Co.,
743 F.2d 601 (8th Cir. 09/13/1984)……………………………………………45

## US Constitution

  Amend IV…………………………………………………………..28, 36, 52

  Amend V……………………………………………………………………53

  Amend. XIV………………………………………………………..25, 29, 58

  Ex Post Facto Clause U.S. Const.. art. I, ' 10 Cl 1………………………...30, 42

  Contract Clause………………………………………………………..30

## US Statutes

  28 USC 1653………………………………………………………………56

42 USC 1983……………………………………………………………………………..49, 50

**Texas Constitution**

Article 1 , § 9………………………………………………………………28, 36

Art. I, § 19……………………………………………………………..25, 29, 58

Art. 17, §  1…………………………………………………………………26, 47

Art. XVI, §  31………………………………………………………27, 33, 35

Art. II, § 1…………………………………………………………………...26

Article I, § 16……………………………………………………...30, 36, 42

Separation of Powers Doctrine………………………………………………….27

**Texas Statutes**

Medical Practice Act ,  Art 4501………………………………………………..26

Medical Board Rule §187.27…………………………………………...38

Medical Board Rule   §185.17(3)……………………………………………38

Medical Board  Rule  §185.17(9)……………………………………………38

Medical Board  Rule §187.27(b)(3)(C)…………………………………………38

Administrative Procedure Act (APA)……………………………………………32

Texas Occupation Code Sect. 204.051…………………………………………..24, 43

Texas Occupation Code Sect. 204.001……………………………………...43

Texas Occupational Code § 164.007(c)………………………………………...35

Administrative Code , Title 22, Part 9, Chapter 185…………………………24

Administrative Code , Title 22, Part 9, Chapter 190……………………………43

Texas Government Code

§
2001.171……………………………………………………………..55
§ 2003.001(4) (A)……………………………………………24, 43
§ 2001.003 (7)……………………………………………………24
§ 2001.003(6)………………………………………………………24
§ 2001.141…………………………………………………………34
§ 2001.035(a)…………………………………………………………38
§ 2001.038………………………………………………… 39, 40
§  2001.176(b)(2)………………………………………………..41

Health & Safety Code § 12.001…………………………………………..44

**Texas Rules of Evidence**

Tex. R. Evid. 803(24)………………………………………………….31, 32

**Miscellaneous**

12 Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 3522 (1984)………………………………46

Texas Register, Volume 15, Number 65,
Pages 4941 , August 24, 1990…………………………………………35

Cooley, Const. Lim. 248…………………………………………………..31

Texas Medical Board Agency Strategic Plan - Fiscal Years 2009-2013……….23

61 Am. Jur. 2d Physicians and Surgeons § 14, 158…………………………..37

**STATEMENT OF THE CASE**

(a) Petition to quash an administrative order
(b) Inverse Condemnation Proceedings
(c) Federal Takings/Seizure of property Claim
(d) Ultra vires claim – defendant Marie Robinson
(e) Declaratory judgment and complaint for compensatory and punitive damages

Trial Court

   The Honorable Darlene Byrne
   53rd Judicial District

Course of Proceedings

   The Case was dismissed pursuant to Defendants' Plea to the Jurisdiction

Trial Court Disposition

   Cause of Action dismissed. All relief denied

**ISSUES PRESENTED**

The District Court granted the defendants' plea to the jurisdiction.

1- The Defendants waived sovereign immunity pursuant to Article I, Section 17 of the Texas Constitution;
2- The Defendants waived sovereign immunity pursuant to the US Constitution Fourth, Fifth and Fourteenth Amendments;
3- The Defendants waived immunity pursuant to Section 2001.038 of the Administrative Procedures Act;
4- The trial court erred in dismissing Mr. Perez' ultra vires claim against Defendant Mari Robinson, JD , in her official capacity;
5- The District Court has jurisdiction over Defendant Marie Robinson in her individual capacity within the meaning of 42 USC 1983
6- The District Court erred in concluding that the Defendants could penalize Mr. Perez pursuant to default procedures
7- The District Court erred in concluding that the Defendants could penalize Mr. Perez using laws adopted after 1994.

17

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Perez waives Oral Argument .

## STATEMENT OF FACTS

Mr. Perez has a right to be gainfully employed as a physician Assistant since September 22nd, 1994[1]. On April 17th, 2014 Mr. Perez' Supervising Physician , Rafael J. de la Flor-Weiss, MD, informed Mr. Perez that agents acting under the direction of the defendants informed Doctor dela Flor-Weiss that Mr. Perez' license had been revoked and directed him to escort Mr. Perez away from the clinic[2]. The Defendants have never found that abridgement of his right to be gainfully employed as a physician assistant was necessary for the preservation of the health, safety, and welfare of the public[3]. The Defendants have informed Mr. Perez that he was deprived of his right to earn a living because he failed to participate in an administrative proceeding [4].

---

[1] Record on Appeal (ROA) Vol 1 of 2, p5, item 1
[2] ROA , Vol 1 of 2, p. 4, item 1; ROA p 174, Defendants Brief in support of their first amended plea to the jurisdiction p1
[3] ROA, Vol 1 of 2 p. 144 , item #8
[4] ROA p.4, Vol 1 of 2, item #3

On April 17th, 2014 Mr. Perez was deprived of all economical beneficial use of his property. Mr. Perez right to work as a physician assistant was seized by the defendants on April 17th, 2014[5].

Mr. Perez has never signed any document nor agreed in any way , fashion or form to waive any federal, state or common law right. Specifically he has not (a) waived his state right to jury trial at a district court ; (b) waived the Fourteenth Amendment right to the preponderance of evidence standard of proof © waived his Fourth Amendment rights; (d) waived his right to confront and cross examine adverse witness; (e) waived his rights pursuant to Texas Constitution Article XVI, Section 31, (f) waived his right to object to ex post facto laws; (g) waived his right to decide when and with whom he would enter into a patient-physician assistant relationship ; (h) waived his rights pursuant to the common law respondeat superior doctrine[6].

## RECORD ON APPEAL

The Clerk of Court filed a <u>184 pages</u> document entitled "Clerk's Record", **Vol 1 of 1** on November 14th, 2014. The Clerk of Court also filed a <u>100 pages</u> document entitled "Clerk's Record" , **Vol 1 of 1** on February 13th,

---

[5] ROA p 4, Vol1 of 2, item 1; ROA, Vol.1 of 2 p. 143 , item 1
[6] ROA , Vol 1 of 2, p 10, item # 23

2015. Mr. Perez has designated the November 14th, 2014 set of documents as Vol 1 of 2, and the February 13th, 2015 document as Vol 2 of 2.

## **SUMMARY OF THE ARGUMENT**

(a) The trial court was required to give effect to the intent of the 1876 voters.

(b) The trial court was supposed to abide by Supreme Court precedents;

(c) Defendants waived sovereign immunity pursuant to Article I, Section 17 of the Texas Constitution and pursuant to US Constitution Fourth, Fifth and Fourteenth Amendments; it also waived immunity pursuant to Section 2001.038 of the Administrative Procedures Act.

(d) Failure to sue an essential party is a non-jurisdictional defect within the meaning of government code 2001.176 and Rule 39, TRCP;

(e) A federal and state "takings" or seizure of property proceeding applies to all species of property without exceptions or limitations;

(f) Mr. Perez has a vested common law right to work as a physician assistant;

(g) A medical license within the meaning of Texas Constitutional law merely means that the licensee has demonstrated that he graduated from an accredited University.

**(h)** The Texas Supreme Court has ruled that when a party has received the degree of "Doctor of Medicine" from an established and well-accredited college, no matter where he go throughout the state or whatever may have been its date , he is not required to produce any other evidence of his qualification. **So when he has been examined by an authorized Board of Medical examiners and has received a certificate of qualification, he is not required to undergo a subsequent examination, nor furnish at any time any other additional prove of his qualifications."**

(i) The government cannot force Mr. Perez to waive his Constitutional rights in order to work as a physician assistant;

(j) At common law a medical license could only be revoked by the district court , for cause , in a jury trial, pursuant to the preponderance of evidence standard;

(k) The trial court ought to have given Mr. Perez leave to amend the complaint to sue Defendant Marie Robinson in her individual capacity within the meaning of 42 USC 1983;

(l) The trial court transgressed upon Mr. Perez' right to adequate, effective and meaningful access to courts of general jurisdiction;

(m)     The trial court erred in dismissing Mr. Perez' ultra vires claim against Defendant Mari Robinson, JD , in her official capacity;

(n) The trial court erred in not adjudicating whether Mr. Perez' property has been taken and/or seized within the meaning of the US Constitution Fourth and Fifth Amendments;

(o) The trial court erred in admitting into evidence Defendant Exhibit "A" because , inter alia, the Physician Assistant Board (PAB) has no authority to revoke Mr. Perez' right to work as a physician assistant on a "default basis " and its failure to disclose underlying facts constitutes reversible error.

(p) The trial court erred in admitting into evidence Defendants' exhibit "B" through "H";

(q) Mr. Perez respectfully submits that, as to federal claims,   he can amend defective allegations of jurisdiction in the appellate courts pursuant to 28 USC § 1653.

(r) Mr. Perez respectfully submits that he can amend defective allegations of jurisdiction in the appellate courts pursuant to **Tex. Const.** art. I, § 13.The open courts provision of the Texas Constitution provides: "All courts shall be open and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of

law." **Tex. Const.** art. I, § 13. This requirement "guarantees that a common law remedy will not be unreasonably abridged.

(s) Mr. Perez respectfully submits that, as to all claims, he can amend defective allegations of jurisdiction in the appellate courts pursuant to The Due Process Clauses of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. In Texas an adjudication in the merits is preferred.

(t) Mr. Perez respectfully submits that he can amend defective allegations of jurisdiction in the appellate courts pursuant to Tex. R. App. P. 38.7 and 2.

## STANDARD OF REVIEW

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction[7]. Whether Mr. Perez has alleged facts that demonstrate subject matter jurisdiction is a question of law[8]. Accordingly, the Appellate Court reviews the district court's order granting Defendants' pleas to the jurisdiction de novo[9].

---

[7] Tex. Dep't of Parks & Wildlife v. Miranda, 133 SW 3d 217, 227 (Tex. 2004);
[8] Id at 226
[9] Texas Comptroller of Public Accounts v. Walker Electric Company, et al , NO. 03-13-00285-CV (3rd DCA- November 21, 2014)

23

In asserting a plea to the jurisdiction a party contends that an incurable defect precludes the court's hearing the case on the merits, even if all allegations in the pleadings are true[10]. Thus, the court does not look to the merits of the Plaintiff's case in conducting its review, but considers only the Plaintiff's pleadings and any evidence submitted by the parties that is pertinent to the jurisdictional inquiry[11]. It construes the pleadings liberally in favor of conferring jurisdiction and looks to the pleader's intent[12] .

## ARGUMENT

## I

## THE TEXAS MEDICAL BOARD IS THE REAL PARTY IN INTEREST

The Defendants claim that Mr. Perez failed to sue the Physician Assistant Board (PAB) which is , allegedly, the Agency which issued the Order to revoke his license[13]. That assertion is meritless[14].

The Texas Medical Board is the agency which filed the Complaint in the State office of Administrative Hearings[15].

---

[10] id

[11] Patel, et al  v.  Texas Department of Licensing and Regulation,  No. 03-11-00057-CV (Tex.App. Dist.3 07/25/2012)

[12] Texas Alcoholic Beverage Commission, v. American Legion NO. 03-11-00703-CV (3rd DCA-May 16, 2014)

[13] ROA Vol 1 of 2, pp 63-64; Defendants First Amended Plea To The Jurisdiction , P1 ¶ 1.1 ( The Texas Physician Assistant Board issued the Order which revoked his license.)

[14] ROA Vol 1 of 2 , pp 72-73

[15] Form "Request to Docket Case", Case Number 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.PA, Appendix Document 4.

The Texas Medical Board has admitted to having the responsibility to regulate physician assistants and the PAB. In their publication, known as "*Texas Medical Board Agency Strategic Plan - Fiscal Years 2009-2013*[16] they state on page 8 paragraph 1 that :

*"Although the Texas Medical Board's name and identity are based in the regulation of physicians, the agency regulates multiple licenses related to health care. Major responsibilities include the* **Physician Assistant Board…"** (emphasis added)

They go on to state on paragraph 3  that :

*"The Texas Medical Board's statutory responsibilities and authority are based in 18 chapters of the Occupations Code. The Medical Practice Act, which governs the regulation of the practice of medicine, includes …..The Physician Assistant Licensing Act is Chapter 204,. "(emphasis added)*

The defendants continue to state on page 8 , paragraph 2 that*:*

*" TMB currently* **regulates over** *59,000 physicians,* **4,215 physician assistants,** *.…"(emphasis added)*

Consequently, for the reasons stated hereinabove Mr. Perez decision to sue the Texas Medical Board instead of the Physician Assistant Board (PAB) was completely and totally proper.

Moreover, the PAB is merely is an advisory Board to the Texas State Board of Medical Examiners[17]. The PAB is a subdivision or bureau  of the

---

[16] https://www.tmb.state.tx.us/idl/7D87F4DD-5EBB-384B-338B-917DFBDC990A
The document state on page 1 "**This document, created and produced in-house at TMB….**"
[17] Texas Occupation Code Sect. 204.051

Texas Medical Board[18].The Texas Administrative Code , Title 22, Part 9

show the state agencies that have statewide jurisdiction[19] , the PAB is not

listed there.

The trial courts are required to determine who the real parties in

interest are[20]. A party is a real party in interest when it is "directly and

personally concerned in the outcome of the litigation to the extent that his

participation therein will insure 'a genuine adversary issue between the

parties[21] . The defendants have not, and cannot, present any evidence

showing that the Texas Medical Board is not the real party in interest.

II

## SOVEREIGN IMMUNITY DOES NOT BAR A SUIT TO CHALLENGE OR RESTRAIN AN AGENCY ORDER OR ACTION THAT IS BEYOND THE AGENCY' S CONTITUTIONAL AUTHORITY

Administrative decisions may be attacked in court if they adversely

affect, as here[22], a vested property right or otherwise violate some

---

[18] Texas Administrative Code , Title 22, Part 9, Chapter 185

[19] Cf. Smith v Tarrant County Bail Bond Board, 997 SW 2d 870 (Tex App Dist 2 – 1999), see also Texas Government Code 2003.001(4) (A); 2001.003 (7),

[20] State ex rel Caldwell v. Allstate Insurance Co., 536 F.3d 418 (5th Cir. 07/18/2008)

[21] Id, citing Land O'Lakes Creameries v. La. State Bd. of Health, 160 F. Supp. 387, 388 (E.D. La. 1958) and United States v. Johnson,319 US 302, 304 (1943)).

[22] ROA, Vol 1 of 2, pp 14-17; 24-26; 80-82; 112-113; 118-120; 159-161

provision of the State or Federal Constitution[23] The right to challenge administrative actions by an original action in district court on the basis that such actions unconstitutionally deprive the plaintiff of a vested property right is a right to judicial review distinctly different from the right to judicial review given by a statute[24]. A vested right is a property or legal right, which the Constitution protects like any other property[25].

The following vested property rights are being adversely affected[26]:

. The physician assistant profession existed at common law[27]. At common law Texans had the right to earn a living practicing medicine subject only to medical malpractice litigation[28]. At common law physician assistants had a right to have the Constitution applied as originally intended by the voters[29] . Specifically at common law, Constitutional provisos could only be amended pursuant to Constitutional Amendment[30].

---

[23] ElderCare Properties, Inc. v. Texas Department of Human Services, 63 S.W.3d 551 (Tex. App. Dist.3 12/06/2001) citing U.S. Const. amend. XIV; Tex. Const. art. I, § 19;

[24] Continental Casualty Insurance Co. v. Functional Restoration Associates, 19 S.W.3d 393, 19 S.W.3d 393 (Tex. 04/06/2000) ; Bank of Woodson v. Stewart, 632 S.W.2d 950, 956 (Tex. App.-Austin 1982), dism'd as moot, 641 S.W.2d 230 (Tex. 1982);

[25] Satterfield v. Crown Cork & Seal Co., Inc., 268 S.W.3d 190 (Tex. App. Dist.3 08/29/2008) quoting Middletown v. Texas Power & Light Co., 185 S.W. 556, 560 (Tex. 1916).

[26] ROA Vol 1 of 2, pp 13-16

[27]   Tatro v. Texas,703 F.2d 823, 832 (5th Cir. 1983)

[28] FN 51

[29] ROA Vol 1 of 2 pp 41-42; Jones v. Ross, 173 S.W.2d 1022, 1024 (Tex. 1943); see also Travelers Ins. Co. v. Marshall, 76 S.W.2d 1007, 1011-12 (Tex. 1934) (meaning of constitution does not change with circumstances to make a different rule in a case seem desirable).

[30] State v. Thomas, 766 SW 2d 217, 220 (Tex. 1989) ; Texas Constitution Article 17, §  1

At common law, only the district courts could revoke the right to Practice a profession pursuant to the Medical Practice Act[31] and the Separation of Powers Doctrine[32].

At common law a "certificate of qualification or "license" meant that the practitioner graduated from an accredited university[33]. At common law a "certificate of qualification" or "license" meant that the practitioner was to be left alone unless he committed malpractice[34]. At common law , the only police power affecting the medical profession was Texas Constitution  Article XVI, §  31[35].

---

[31] Mann v. Texas State Board Medical Examiners , 403 SW 2d 218 (Texas Appellate Austin) affirmed 413 S.W.2d 382, (03/29/67) quoting Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. 1964)

[32] In re State Bd. for Educator Certification, No. 13-0537, , at *17-18 (Tex. Dec. 19, 2014) citing see Tex. Const. art. II, § 1 .

[33] In The State v. James A. Goldman the Texas Supreme Court  ruled that once a  medical practitioner has shown, as here,  that  he graduated from  an accredited university he was to be left alone unless he commits malpractice.
The State v James A. Goldman, 44 Tex. 104 (1875)

The Texas Supreme Court ruled therein :

*"When a party has received the degree of "Doctor of Medicine" from an established and well-accredited college, no matter where he go throughout the state or whatever may have been its date , he is not required to produce any other evidence of his qualification. **So when he has been examined by an authorized Board of Medical examiners and has received a certificate of qualification[33], he is not required to undergo a subsequent examination, nor furnish at any time any other additional prove of his qualifications."***

[34] id

[35] A.R. Logan v. The State, 5 Texas Court Of Appeals 306 (Tyler-1878) In A.R. Logan v. The State, Mr. Augustus R. Logan was indicted for practicing medicine without a certificate of qualification from the Board Of Medical Examiners.  The Court of Appeals  dismissed the indictment because Article XVI, Section 31  had not yet gone into effect.

Ex post facto laws were null and void[36].Trials were de novo, just as if the administrative proceeding had not occurred[37]. Physician assistants had a right to have a neutral magistrate determine if there was probable cause[38]. The State Office Of Administrative Hearing failed or refused to find probable cause[39]. The burden of proof in sustaining the order was then upon the administrative agency[40]. Questions of fact were then resolved in a district court by the jury pursuant to the preponderance of the evidence standard of proof[41]. Appeals automatically set aside the administrative Order and the practitioner could continue practicing medicine[42] until the district court affirmed the judgment of the administrative agency[43].

The defendants have not, and cannot, identify the statute(s) in effect in **1994** which removed those vested property and legal rights from

---

[36] Robinson v. Crown Cork & Seal Co., 335 SW 3d 126,   147 (Tex. 2010) (Robinson v. Crowncork & Seal Co., Inc., No. 06-0714 (Tex. 10/22/2010) .

[37] Mann v. Texas State Board Medical Examiners , 403 SW 2d 218 (Texas Appellate Austin) affirmed 413 S.W.2d 382, (03/29/67)

[38] US Constitution Fourth Amendment  ; Texas Constitution Article 1 , § 9;

[39] Appendix Document 5 FN 2

[40] State Bd. of Medical Examiners v. Mann, 413 S.W.2d 382, [Tex. 1967] quoting Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. 1964)

[41] Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. 1964), supra

[42] Texas State Board Medical Examiners v. Haney , 472 S.W.2d 550 (Tx App –Austin - (10/27/71)  Latham v. Security Insurance Co. of Hartford, 491 SW 2d 100 (Tex. 1972); (State Bd. of Medical Examiners v. Mann, 413 SW 2d 383  [Tex. 1967];

[43] Hull v. Texas State Board Public Accountancy, 434 SW 2d 387 (Tx App. – Houston- (11/06/68)

physician assistants. The defendants have not, and cannot, identify the basis for asserting that Mr. Perez waived his vested rights as identified herein. The defendants have not, and cannot, identify the legal basis for concluding that Mr. Perez cannot challenge the Constitutionality of the statutes which adversely affect his rights[44]. The defendants have not, and cannot, claim that Mr. Perez committed an act which constitutes medical malpractice or which endangered or injured the public[45]. The Defendants have not , and cannot, show that the Texas Constitution has been amended in order to deprive him of the aforementioned rights. The Defendants have not, and cannot, claim that Mr. Perez is, somehow excluded from the Texas' doctrine of stare decisis[46].

Once the right to practice medicine is lawfully acquired, it is a right protected by the due process clauses of the state and federal

---

[44] Cleveland Board of Education v. Loudermill.,470 US 532 , 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985) ; Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 456-457 (1988). 456-57

[45] ROA Vol 1 of 2, pp 80-81 City of Houston v. Johnny Frank's Auto Parts, 480 SW 2d 774 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). quoting Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921) ; Francisco v. Board of Dental Examiners, 149 S.W.2d 619, 622 (Tex. Civ. App. -- Austin 1941, writ ref'd) (quoting Waller v. State, 68 S.W. 2d 601, 605 (Tex. Civ. App. -- Amarillo 1934, writ ref'd)).

[46] Black v. 7-Eleven Convenience Stores, 03-12-00014-CV, 03-12-00015-CV (Tex.App. Dist.3 03/07/2014) citing Swilley v. McCain, 374 S.W.2d 871, 875 (Tex. 1964)

constitutions[47] <u>and can only be revoked as shown herein. [48]</u>

The Federal[49] and the Texas[50] Constitutions protect vested rights. The Fourteenth Amendment, §1 provides, among other things, that a State may not abridge "the privileges or immunities of citizens of the United States" or deprive "any person of life, liberty, or property, without due process of law."[51]

Since the right of the citizen to use his property as he chooses so long as he harms nobody, is an inherent and constitutional right, the police power cannot be invoked for the abridgment of a particular use of private property, unless such use reasonably endangers or threatens the public health, the public safety, the public comfort or welfare[52]. A law which

---

[47]  Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. 1964), citing Vernon's Ann.St.Const. art. 1, § 19; U.S.C.A.Const. amend. 14. Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.App. 03/05/1941); Paul v. Davis,424 US 693, 710-11 (1976).

[48]  Texas Vending Comm. v. Headquarters Corp., 505 SW 2d 402 (Tex. Civ. App. – Austin - 1974, writ ref'd n.r.e.) quoting     Scott v. Texas State Board of Medical Examiners, supra.;

[49] Vartelas v. Holder, 132 S.Ct. 1479 (U.S. 03/28/2012) quoting Landgraf v. USI Film Products, 511 US 244,  263 (1994) and several provisions of the Constitution, among them, the Ex Post Facto Clause, the Contract Clause, and the Fifth Amendment's Due Process Clause.

[50] Robinson v. Crowncork & Seal Co., Inc., No. 06-0714 (Tex. 10/22/2010) citing article I, section 16 of the Texas Constitution; Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981)); McCain v. Yost, 284 S.W.2d 898, 900 (Tex. 1955).

[51] McDonald v. City of Chicago, Illinois, No. 08-1521 (U.S. 06/28/2010) quoting District of Columbia v. Heller, 554 US 570  (2008).

[52] Barber v. Texas Dept. of Transportation, 49 S.W.3d 12 (Tex.App. Dist.3 04/05/2001)(The right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right. It does not owe its origin to constitutions. It existed before them. It is a part of the citizen's natural liberty-an expression of his freedom, guaranteed as inviolate by every American Bill of Rights); City of Houston v. Johnny Frank's Auto Parts,

assumes to be a police regulation but deprives the citizen of the use of his property under the pretense of preserving the public health, safety, comfort or welfare, when it is manifest that such is not the real object and purpose of the regulation, will be set aside as a clear and direct invasion of the right of property without any compensating advantages[53].

Accordingly, Mr. Perez respectfully demands the vested property and legal rights identified hereinabove. The vested rights identified herein are well known to Defendant Mari Robinson, Esq ;  she acted without legal authority and  had a ministerial duty to abstain from transgressing upon the same[54].

## III

### SOVEREIGN IMMUNITY DOES NOT BAR A SUIT PURSUANT TO 2001.038 TO CHALLENGE OR RESTRAIN AN AGENCY' S RULE THAT IS BEYOND THE AGENCY' S CONTITUTIONAL AUTHORITY

On or about March 7th, 2014[55] the Defendants adopted new administrative rules of general applicability. One new rule    defines

---

480 SW 2d 774  (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). quoting Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921).

[53] Id, see also Cooley, Const.Lim. 248

[54] Kobza v. Kutac, 109 S.W.3d 89 (Tex.App. Dist.3 05/30/2003) quoting Downing v. Brown, 935 SW 2d 112, 114 (Tex. 1996)

[55] ROA Vol 2 of 2 pp 70-73 (Defendant's Exhibit A is a statement or declaration against interest therefore admissible evidence, Conner v. Johnson, No. 2-03-316-CV (Tex. App. Dist.2 10/28/2004) citing Tex. R. Evid. 803(24)

"administrative default" as those instances where a litigant challenges (a) the agency's institutional competence to resolve the particular type of issue presented, such as the constitutionality of a statute; (b) the adequacy of the agency procedure and (c) the agency authority to grant the type of relief requested[56].

The newly adopted second rule allows the agency to revoke the right to earn a living to those who the agency deems are guilty of an "administrative default" as defined above even though there has been no finding that the individual is a danger to the health and welfare of the citizens[57].

Subsequently, relying upon those newly adopted administrative Rules the Defendants deprived and/or seized Mr. Perez' right to earn a livelihood.[58]

The Administrative Procedure Act (APA) PA defines a "rule" as

---

[56] But the Third District Court of Appeals and the US Supreme Court have ruled that litigant have a right to do so, Mitz v. Texas State Board of Veterinary Medical Examiners, 278 S.W.3d 17 (Tex.App. Dist.3 11/14/2008) citing Texas State Bd. of Pharm. v. Walgreen Tex. Co., 520 SW 2d 845 (Tex. App.--Austin 1975, writ ref'd n.r.e.) , McCarthy v. Madigan, 503 US 140, 146-48 (1992))

[57] Barber v. Texas Dept. of Transportation, 49 S.W.3d 12 (Tex.App. Dist.3 04/05/2001)(The right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right. It does not owe its origin to constitutions. It existed before them. It is a part of the citizen's natural liberty-an expression of his freedom, guaranteed as inviolate by every American Bill of Rights); City of Houston v. Johnny Frank's Auto Parts, 480 SW 2d 774 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.) quoting Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921).

[58] ROA , Vol 1 of 2, pp 4-5, 18, 19 , 21, 33, 34, 35, 53; Vol 2 of 2 pp 61-62, 70-73 (Defendant's Exhibit "A" is a statement or declaration against interest therefore admissible evidence, Conner v. Johnson, No. 2-03-316-CV (Tex.App. Dist.2 10/28/2004) citing Tex. R. Evid. 803(24)

follows[59]: " A state agency statement of general applicability that : (i) implements, interprets, or prescribes law or policy; or (ii) describes the procedure or practice requirements of a state agency; (B) includes the amendment or repeal of a prior rule; and (C) does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedure.").

The March 7th, 2014 ruling is not a "contested case" because the Texas Supreme Court has ruled that at common law a "certificate of qualification or "license" meant that the practitioner graduated from an accredited university[60]. That at common law a "certificate of qualification" or "license" meant that the practitioner was to be left alone unless he committed malpractice[61]. At common law , the only police power affecting the medical profession was Texas Constitution Article XVI, § 31[62]. The Defendants have failed or refused to allege that Mr.

---

[59] Texas Dep't of State Health Servs. v. Balquinta, 429 SW 3d 726, 747 (Tex. App-Austin 2014, pet. filed);Tex. Gov't Code § 2001.003(6)
[60] In The State v. James A. Goldman the Texas Supreme Court ruled that once a medical practitioner has shown, as here, that he graduated from an accredited university he was to be left alone unless he commits malpractice.
The State v James A. Goldman, 44 Tex. 104 (1875)
[61] id
[62] A.R. Logan v. The State, 5 Texas Court Of Appeals 306 (Tyler-1878) In A.R. Logan v. The State, Mr. Augustus R. Logan was indicted for practicing medicine without a certificate of qualification from the Board Of Medical Examiners. The Court of Appeals dismissed the indictment because Article XVI, Section 31 had not yet gone into effect.

Perez committed medical malpractice.

The March 7th, 2014 ruling is not a "contested case" because at common law, only the district courts could revoke the right to practice a medical profession pursuant to the Medical Practice Act[63] .

The March 7th, 2014 ruling is not a "contested case" because it does not include the mandatory "concise and explicit statement of the underlying facts supporting the findings"[64]. The Defendants failure or refusal to disclose the underlying facts constitute reversible error. [65]

The March 7th, 2014 ruling is not a "contested case" because at common law the supervising physician was legally responsible for the medical acts delegated to physician assistant. In **1983,** the Fifth Circuit ruled that :

> *"a person licensed to practice medicine shall have the authority to delegate to* **any qualified and properly trained person** *or persons acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, the act can be properly and safely performed by the person to whom the medical act is delegated and the act is performed in its customary manner, not in violation of any other statute, and the person does not hold himself out to the public as being authorized to practice medicine.* ***The delegating***

---

[63] Mann v. Texas State Board Medical Examiners , 403 SW 2d 218 (Texas Appellate Austin) affirmed 413 S.W.2d 382, (03/29/67) quoting Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex. Sup. 1964)

[64] Railroad Commission of Texas v. WBD Oil & Gas Co., 104 S.W.3d 69 (Tex. 02/13/2003)citing § 2001.141

[65] Gibson v. Texas Municipal Retirement System, 683 SW 2d 882  (Tex. App.--Austin 1985, no writ) citing Bay City Federal Savings and Loan Ass'n. v. Lewis, 474 SW 2d 459  (Tex. 1971);

35

*physician shall remain responsible for the medical acts of the person* **performing the delegated medical acts." (emphasis added)**

On **August 24ᵗʰ, 1990** , the Texas Medical Board admitted that Physicians had the common law right to delegate medical acts to physician assistants[66] and that ***The delegating physician remained responsible for the medical acts of the person* performing the delegated medical acts." (emphasis added)[67]** who had graduated from a program accredited by the Committee on Allied Health Education and Accreditation of the Council on Medical Education of the American Medical Association[68] or a person who has passed the examination given by the National Commission on the Certification of Physician Assistants[69].

The March 7ᵗʰ, 2014 ruling is not a "contested case" because a "contested case" within the meaning of the US Constitution includes, inter alia, the right to confront , and compel the attendance of , adverse witnesses [70]. But see Texas Occupational Code § 164.007(c), it prevents a

---

[66] Texas Register, Volume 15, Number 65, Pages 4941 , August 24, 1990 citing 22 TAC 190.
[67] Id citing 22 TAC 185.4
[68] Texas Constitution Article 16 § 31. Practitioners of Medicine : **The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State,** and to punish persons for mal-practice, but no preference shall ever be given by law to any schools of medicine.
[69] Id citing §185.2
[70]Payne v. Texas State Board of Medical Examiners, No. 03-07-00558-CV (Tex.App. Dist.3 03/12/2009); Rector v. Texas Alcoholic Beverage Commission, 599 S.W.2d 800, (Tex. 1980); Wolff v. McDonnell, 418 US 539, 559 (1974).

medical provider , like Mr. Jose A. Perez , from confronting or cross examining adverse witness[71].

The March 7th, 2014 ruling is not a "contested case" because none of the statutes referenced by the Defendants were in effect in 1994. The Texas[72] Constitutions prohibit the application of any ex post facto law which affect or impairs vested or legal rights .

The March 7th, 2014 ruling is not a "contested case" because before demanding that Mr. Perez appear at the State Office of Administrative Hearing or the Physician Assistant Board there should have been a judicial or neutral determination of probable cause that the Mr. Perez was guilty of an offense.[73] The Fourth Amendment applies to the states through the Fourteenth Amendment[74]. Assuming, arguendo, that the TMB has administrative jurisdiction over Mr. Perez then Fourth Amendment applies to administrative agencies[75]. Probable cause means that there is a fair

---

[71] ROA Vol 2 of 2, pp 62 fn 1; In re Texas Medical Board, 315 S.W.3d 177 (Tex.App. Dist.6 06/01/2010); see also the website of the  organization  known as "**Texans for Patients' & Physicians' Rights" , Mission Statement,** http://www.txppr.com/index.cfm
[72]Subaru of Am., Inc. v. David McDavid Nissan, Inc. 84 S.W.3d 212, 219 (Tex. 2002) citing Tex. Const. art. I, § 16.
[73] Texas Department of Public Safety v. Caitlin Elizabeth Adkins, No. 11-10-00298-CV; (Tex.App. Dist.11 08/16/2012) citing State v. Woodard, 341 SW 3d 404, 411 (Tex. Crim. App. 2011) ); US Constitution Fourth Amendment;  Texas Constitution Article 1§ 9.
[74] Mapp v. Ohio, 367 US 643 , 367 US 643, 655 (1961),
[75] United States v. Jones, 132 S.Ct. 945, 181 L.Ed.2d 911 (U.S. 01/23/2012) citing Katz v. United States, 389 US 347 ,  351 (1967),  Club Retro LLC v. Hilton, 568 F.3d 181 (5th Cir. 05/06/2009)Marshall v. Barlow's, Inc.,436 US 307,  312-313, 56 L. Ed. 2d 305, 98 S. Ct. 1816 (1978)

probability that an offense has been committed[76]. At the time the State Office Of Administrative Hearings dismissed the TMB's complaint it had made no findings of probable cause[77].

The TMB has not, and cannot allege that there was a patient-physician assistant relationship between the alleged informer and Jose A. Perez. Texas Courts have ruled that a physician is under no legal obligation to practice his profession or render services to whomsoever may request them[78]. They have also ruled that a physician is not to be penalized for arbitrarily refusing to respond to a call of a person even urgently in need of medical or surgical assistance provided that the relation of physician and patient does not exist at the time the call is made or at the time the person presents himself for treatment[79]. The mere fact that a doctor is "on call" does not in itself impose any duty[80].

The Appellees/defendants have not and can not claim that Mr. Perez was under contract to perform services for the benefit of the informer[81].The

---

[76] Probable cause means reasonable suspicion, viewed under the totality of the circumstances. Terry v. Ohio, 392 US 1,  22 (1968); Alabama v. White, 496 US 325, 328-331 (1990).

[77] State Office Of Administrative Hearings , Order No. 14, May 8th, 2013, Appendix Document # 5 , FN 2

[78]    Holland St. John, M.D v. Marty Howard Pope and Sally Bates Pope, 901 S.W.2d 420 (Tex. 06/08/1995) ; Salas v. Gamboa, 760 S.W.2d 838, 840 (Tex.App.--San Antonio 1988, no writ) quoting Childs v. Weis, 440 S.W.2d 104, 107 (Tex. Civ. App.--Dallas **1969**, no writ).

[79]    . Id. See 61 Am. Jur. 2d Physicians and Surgeons § 14, 158.

[80]    St. John, 901 S.W.2d at 424.

[81] Lopez v. Aziz, 852 S.W.2d 303, 306 (Tex. App.--San Antonio 1993, no writ).

Appellees/defendants have not, and cannot, identify the statute or administrative rule which identifies the steps a medical provider must take in order to refuse to treat a patient while avoiding behavior which can be construed as *"unprofessional or dishonorable conduct that is likely to deceive, defraud or injure the public"*.

A rule that is not properly promulgated under mandatory APA procedures is invalid[82]. The Defendants have not, and cannot, claim that the rules have been promulgated.

The March 7th, 2014 Ruling obviously "implements, interprets, or prescribes law or policy," reflecting the Board's construction and application of Rules § §187.27, 185.17(3) & (9). Secondly, the statement also impact private rights and not merely internal agency management or organization.

The Defendants' March 7th, 2014 ruling, somehow, concluded, that Mr. Perez' numerous complaints, motions and Constitutional objections were not meritorious[83], within the meaning of Rule §187.27(b)(3)(C). It also construed Rule §187.27(b)(3)(C) as authorizing revocation of Mr. Perez'

---

[82] Texas State Board of Pharmacy **v** Witcher, 447 SW 3d 520 (3rd DCA- October 31, 2014) citing El Paso Hosp. Dist. v. Texas Health & Human Servs. Comm'n, 247 S.W.3d 709, 714 (Tex. 2008); APA § 2001.035(a);

[83] Hamilton v. Washington, NO. 03-11-00594-CV (3rd DCA - December 23, 2014
 Mitz v. Texas State Bd. of Veterinary Med. Exam'rs, 278 SW 3d 17, 22 (Tex. App.-Austin 2008, pet. dism'd) (agencies have no power to determine the constitutionality of statutes)

right to earn a living , the absence of corroborating underlying facts notwithstanding.

Considering the foregoing, Mr. Perez respectfully submits that construing the Board's policy as a "rule" is consistent with the Supreme Court's instruction that the intent of the agency be considered , the prescriptive nature of the policy, and the context in which the agency statements were made.[84]

Although an "'agency is not bound to follow its decisions in contested cases in the same way that a court is bound by precedent, an agency is required by courts to explain its reasoning when it appears to the reviewing court that an agency has departed from its earlier administrative policy or there exists an apparent inconsistency in agency determinations[85].

In conclusion, Section 2001.038 of the Administrative Procedure Act allows a party to seek declaratory relief challenging the "validity or applicability of a rule[86] if it is alleged, as here, that the rule or its threatened

---

[84] Combs v. Entertainment Publications, Inc., 292 S.W.3d 712 (Tex.App. Dist.3 06/12/2009) citing Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 443 (Tex. 1994)).

[85] Austin Chevrolet, Inc. v. Motor Vehicle Bd., 212 S.W.3d 425, 438 (Tex. App.-Austin 2006, pet. denied) (quoting Flores v. Employees Retirement Sys. of Tex., 74 S.W.3d 532, 533-34 (Tex. App.-Austin 2002, pet. denied)).

[86] "Texas law recognizes the right to judicial review of an administrative order when the same adversely affects a vested property right, and/or (3) the order otherwise violates constitutional rights" General Servs. Comm'n v. Little-Tex Insulation Co.,39 SW 3d 591, 599 (Tex. 2001); City of Sherman v. Pub. Utility Comm'n of Texas, 643 SW 2d 681, 686 (Tex. 1983).

application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff[87].

# IV

## FAILURE TO SUE AN ESSENTIAL PARTY IS A NON-JURISDICTIONAL DEFECT WITHIN THE MEANING OF, INTER ALIA, GOVERNMENT CODE 2001.176 AND RULE 39, TRCP

In their "Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction " the Defendants claimed that the Trial Court lacked subject matter jurisdiction over all Mr. Perez' claims" because Mr. Perez failed to sue the Physician Assistant Board[88].

The Defendants must prove that the Texas legislature has <u>clearly indicated</u> that failure to sue the Physician Assistant Board (PAB) is jurisdictional[89].  They have failed or refused to do so.

In their "Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction " the Defendants claim that the Trial Court lacks subject

---

[87] The Third District Court of Appeals has interpreted this section as a waiver of sovereign immunity, Texas Dep't of State Health Servs. v. Balquinta, <u>429 S.W.3d 726</u>, 744 (Tex. App.-Austin 2014, pet. filed); Combs v. Entertainment Publ'ns, Inc., 292 SW 3d 712, 720 (Tex. App.--Austin 2009, no pet.) **see Texas Logos, L.P. v. Texas Dep't of Transp**., <u>241 S.W.3d 105</u>, 123 (Tex. App.-Austin 2007, no pet.) (holding that "section2001.038 is a grant of original jurisdiction and, moreover, waives sovereign immunity").

[88] ROA Vol 1of 2, p 174 - Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction P 4, II A.

[89] Scott v. Presidio I.S.D., 266 S.W.3d 531 (Tex.App. Dist.3 08/28/2008); citing Zenith Star Ins. Co. v. Wilkerson, 150 S.W.3d 525, 533 (Tex. App.--Austin 2004, no pet.);

matter jurisdiction over all Mr. Perez' claims" because Mr. Perez failed to sue the Physician Assistant Board[90]. A "defect of parties" refers to joinder problems involving necessary or indispensable parties[91]. A complaint of "defect of parties" must be raised by verified objection pursuant to Rule 93(4), Tex. R. Civ. P. [92]. The Defendants failed or refused to file a verified objection accordingly they forfeited the issue[93].

In their Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction " the Defendants claim that the Trial Court lacks subject matter jurisdiction over all[94] Mr. Perez' claims" because Mr. Perez failed to sue the Physician Assistant Board (PAB) [95] as allegedly required by 2001.176. But the Third District Court of Appeals has ruled that such a failure is not jurisdictional[96].

---

[90] ROA p 174 - Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction P 4, II A.

[91] IN Re Clifford Hall, NO. 14-14-00062-CV , (14th DCA - May 28, 2014) citing CHCA E. Houston, L.P. v. Henderson, 99 SW 3d 630, 633 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

[92] In re Clifford Hall, supra citing Allison v. Nat'l Union Fire Ins. Co., 703 SW 2d 637, 638 (Tex. 1986) (per curiam).

[93] id

[94] ROA p 174- Mr. Perez' failure to add the PAB as a party is the only occasion in which the defendants claimed that the Court lack subject matter jurisdiction over all his claims.

[95] ROA p. 174; Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction P 4, II A.

[96] Sierra Club v. Tex. Natural Res. Conservation Comm'n, 26 SW 3d 684, 688 (Tex. App.-Austin 2000) (holding that section 2001.176(b)(2)'s service requirement is not jurisdictional under Dubai ), aff'd on other grounds, 70 SW 3d 809, 811, 814-15 (Tex. 2002)

At any rate, failure to join an essential party is no longer a jurisdictional defect[97]. Once a person's or entity's absence is identified as being needed for a just adjudication of the claims before the court, the current version of Rule 39 directs that the trial court "*shall order that he be made a party*."[98]

Accordingly , the trial  court erred when it dismissed the complaint because Mr. Perez did not sue the PAB.

V

**THE DOCTRINE OF EXCLUSIVE JURISDICTION
DOES NOT APPLY, WHERE , AS HERE ,
(a) THERE ARE CONSTITUTIONAL CLAIMS,  AND
(b) THE AGENCY HAS ALREADY MADE A FINAL DECISION**

The Defendants claimed that the trial court had no jurisdiction because the PAB has exclusive jurisdiction[99].  The Exclusive or primary jurisdiction does not require dismissal where, as here, there are Constitutional and Title 42 Claims[100]. Nor , where as,  here, the agency has already made the final decision on the issue[101] .

---

[97] Kodiak Resources, Inc.  v. Smith,  No. 09-10-00362-CV (Tex.App. Dist.9 02/16/2012) citing Cooper v. Tex. Gulf Indus., Inc., 513 SW 2d 200,  203-04 (Tex. 1974); Behzad Khalilnia v. Federal Home Loan Mortgage Corporation, No. 01-12-00573-CV (Tex.App. Dist.1 03/21/2013)

[98] Kodiak Resources, Inc. and Bbx Operating, L.L.C v. Patricia Ann Smith, Beverly Lee Smith Sunday, Melody Koch, Keith, No. 09-10-00362-CV (Tex.App. Dist.9 02/16/2012)

[99] ROA Vol 1 of 2, p. 174; Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction P 4, II A.

[100] Gutierrez v. Laredo Independent School Dist., 139 S.W.3d 363 (Tex.App. 05/12/2004); Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 SW 2d 88, 90 FN3 (Tex. 1992)

[101] Railroad Comm'n v. ARCO Oil & Gas Co., 876 SW 2d 473, 478 (Tex. App.-Austin 1994, writ denied) ; ( Cypress-Fairbanks Indep. Sch. Dist. v. Texas Educ. Agency, 797 S.W.2d 336, 342-43 (Tex. App.-Austin 1990)

# VI

## ASSUMING, ARGUENDO, THAT THE PAB HAS EXCLUSIVE ADMINISTRATIVE JURISDICTION THE SAME IS VOID PURSUANT TO TEXAS EX POST FACTO STATUTES

The Texas Constitutions prohibits the application of ex post facto laws[102]. A retroactive statute violates the Constitutions if, when applied, it takes away or impairs vested rights acquired under existing law[103].

The Texas Medical Board seeks to impose administrative penalties pursuant to ex post facto laws. The facts show that Mr. Jose A. Perez presented his academic credentials to the Texas Medical Board, and the same were accepted on , **September 22nd, 1994, 21 years ago.** The Texas Physician Assistant Board 's administrative jurisdiction[104] began , and the amended licensing act[105] became effective , on **Sept. 1, 1999**.

In their administrative complaint the TMB now[106] claims that it has the authority to revoke Mr. Perez "license", pursuant to Texas

---

[102]    ROA pp 24-26  Abigail Elizabeth Young v. the State of Texas, No. 14-10-00646-CR (Tex.App. Dist.14 01/10/2012) citing U.S. Const.. art. I, ' 10, cl. 1; Tex. Const. art. I, ' 16.

[103]    Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212 (Tex. 06/27/2002); Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981); McCain v. Yost, 284 S.W.2d 898, 900 (Tex. 1955). A vested right is a property right, which the Constitution protects like any other property. Middletown v. Texas Power & Light Co., 185 S.W. 556, 560 (Tex. 1916).

[104]    § 204.051. TEXAS PHYSICIAN ASSISTANT BOARD. Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999

[105]    § 204.001. SHORT TITLE. This chapter may be cited as the Physician Assistant Licensing Act. Acts 1999, 76th Leg., ch. 388, § 1, **eff. Sept. 1, 1999.**

[106] Initially the TMB was seeking to impose a $3000.00 penalty

Administrative Code , Title 22, Part 9, Chapter 190 , which became effective in **2003**.[107].

The TMB claims that Mr. Perez violated , Texas Administrative Code 204.302(4) which purportedly penalizes *"unprofessional or dishonorable conduct that is likely to deceive, defraud or injure the public"* and which became effective 5 years AFTER Mr. Perez began practicing[108]. Mr. Perez, adamantly, but respectfully objects. The Physician Assistant Board 's administrative jurisdiction began on September 1st, 1999.Texas Administrative Code §185.17 became effective on November 3, 2002, 27 - TexReg 10027 ; Texas Occupations Code § 204.302 became effective on September 1, 1999. Texas Occupations Code - Section 164.011(b) - became effective on September . 1, 1999.

Secondly, the US[109] and Texas[110] Supreme Courts have ruled that "It is **the right** of every citizen of the United States to follow any lawful calling, business, or profession they may choose, subject only to such restrictions determined by the state to be **necessary** for the health and safety of its citizens[111]. The Texas Board of Medicine has not , and

---

[107] The provisions of this §190.1 adopted to be effective November 30, 2003, 28 TexReg 10496; amended to be effective January 20, 2009, 34 TexReg 342

[108] Acts 1999, 76th Leg., ch. 388, 1, eff. Sept. 1, 1999.

[109] Dent v. State of W. Va.,129 US 114, 121-22 (1889)

[110] Industrial Accident Bd. v. O'Dowd, 303 S.W.2d 763 (Tex. 1957))

[111] Dent v. State of W. Va.,, 129 *U.S.* 114 (1889),

cannot, claim that the matter before SOAH is related to the Texas Health and Safety Code[112]. The Texas Department of Health (TDH) has exclusive jurisdiction over all matters concerning the Health and Safety of Texans[113].

Furthermore, whether or not something is **necessary** is an issue of fact for the jury which precludes summary judgment[114].

## VII

### ASSUMING, ARGUENDO THAT FAILURE TO SUE AN ESSENTIAL PARTY IS JURISDICTIONAL THE DISMISSAL IS WITHOUT PREJUDICE

A dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect[115]. Once a person's or entity's absence is identified as being needed for a just adjudication of the claims before the court, the current version of Rule 39 directs that the trial court "*shall order that he be made a party*."[116]

---

[112] 2005 Texas Health & Safety Code Chapter 12.
[113] **2005 Texas Health & Safety Code** § 12.001
Sec. 12.001. GENERAL POWERS AND DUTIES. (a) The board has
general supervision and control over all matters relating to the
health of the citizens of this state. Acts 1989, 71st Leg., ch. 678, Sec. 1, eff. Sept. 1, 1989.
[114] Zimmer v. Miller Trucking Co., 743 F.2d 601 (8th Cir. 09/13/1984)
[115] Trevino v. State, 03-12-00060-CV (Tex.App. Dist.3 08/07/2013) citing Harris County v. Sykes, 136 S.W.3d 635 (Tex. 05/28/2004)
[116] Kodiak Resources, Inc. and Bbx Operating, L.L.C v. Patricia Ann Smith, Beverly Lee Smith Sunday, Melody Koch, Keith, No. 09-10-00362-CV (Tex.App. Dist.9 02/16/2012)

# VIII

## A FEDERAL AND STATE
## "TAKINGS" OR "SEIZURE OF PROPERTY "
## PROCEEDING APPLIES TO ALL SPECIES OF
## PROPERTY WITHOUT EXCEPTIONS OR LIMITATIONS

In the trial court the Defendants admitted that they deprived, and or seized, Mr. Perez' right to earn a living as a physician assistant without compensation[117]. Nevertheless, they claimed that Mr. Perez failed to allege any facts which would show that the legislature waived sovereign immunity. The Defendants did not, and could not , allege that the **abridgement and/or seizure was necessary for the preservation of the health, safety, and welfare of the public[118].**

Texas district courts are courts of general jurisdiction[119]. The Texas Constitution states that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction

---

[117] ROA Vol 1 of 2, p 174 - Defendants' Brief In Support of Their First Amended Plea to the Jurisdiction P 4, II A.
[118] Barber v. Texas Dept. of Transportation, 49 S.W.3d 12 (Tex.App. Dist.3 04/05/2001) City of Houston v. Johnny Frank's Auto Parts, 480 SW 2d 774  (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). quoting Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921).
[119] Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000).

may be conferred by this Constitution or other law on some other court, tribunal, or administrative body[120].

In Dubai, the supreme court noted that courts of general jurisdiction are presumed to have subject-matter jurisdiction "unless a showing can be made to the contrary[121]. The defendants failed or refused to show that the district court had no jurisdiction over Mr. Perez' complaint.

In the trial court , Defendants argued that sovereign immunity protect the governmental entity from lawsuits for money damages[122]. In other words, Defendants' position is that absent a rare act of the Legislature, property owners have no recourse to the courts when a state or local official wrongfully invade or seize property rights on the government's behalf.

That can not be the correct rule. As the Texas Supreme Court long ago recognized , "if the present suit could not be maintained without legislative consent, officials of the state would never have to condemn property legally. They could simply appropriate it , and the property owner would be entitled to no compensation unless the legislature granted him permission to sue[123].

---

[120] id

[121] id quoting 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (1984)).

[122] ROA p 174

[123] Griffin v. Hawn, 341 SW 2d 151, 152 (Tex. 1960)

Fortunately , the 1876 conventioneers , the Texas Constitution  and US Supreme Court opinions[124] hold that Defendants are not entitled to claim immunity from Mr. Perez' suit. First,  under State v. Hale, 136 Tex. 29,146 SW 2d 731,  736. The Supreme Court of Texas speaking through Judge Sharp said:

"*The language used in Section 17 of Article 1 of the Constitution, supra, which says that no person's property shall be taken or damaged for public use without adequate compensation being made, **has no exceptions or limitations attached thereto**. It is a clear, definite statement of the rule which prevails in this State, **which controls all the departments of the State** government; and the liability for adequate compensation for private property taken or damaged for public use is not based upon the ground that the act of taking or damaging such property was done negligently or intentionally. * * *(emph added)*

Article 1, Section 17, of the Texas Constitution, Vernon's Ann.St. provides that "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; * * *." Since there are no exceptions or limitations attached to the constitutional provision, the State itself is not exempt from its requirements[125]. Agencies created by the State are not exempt[126].

---

[124] Stop the Beach Renourishment, Inc. v. Florida Dep't of Environmental Protection, No. 08-1151 (U.S. 06/17/2010) citing Lucas v. South Carolina Coastal Council, 505 US 1003,  1019 (1992)
[125] Brazos River Authority v. City of Graham, 335 SW 2d 247,  251 (Tex. Civ. App.--Fort Worth 1960), aff'd., 354 SW 2d 99  (1961).
[126] id

If there is a taking or a seizure , the constitution requires payment, even though the taking be for the purpose of promoting the public health, safety, morals or welfare and, therefore, involves an exercise of the police power[127]. Inverse condemnation proceedings apply when any type of property[128] – i.e., physical, intangible[129], intellectual – is affected by a **governmental** taking. Since 1922 it has been understood that a "regulatory taking" constitutes a taking requiring compensation[130].

Consequently , The Trial Court erred in dismissing Mr. Perez' claims.

## IX

## MR. PEREZ OUGHT TO HAVE BEEN GIVEN LEAVE TO AMEND IN ORDER TO ALSO SUE MARIE ROBINSON IN HER INDIVIDUAL CAPACITY

A plea to the jurisdiction challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action[131]. State government employees may be sued in their individual capacities for damages, declaratory or injunctive

---

[127] San Antonio River Authority v. Garrett Brothers, 528 SW 266, 273 (Tex. Civ. App.--San Antonio 1975, writ ref'd n.r.e.). citing Brazos River Authority v. City of Graham, 335 S.W.2d 247, 251 (Tex. Civ. App.--Fort Worth 1960), aff'd., 354 SW 2d 99 (1961)

[128] Renault v City of Houston , 415 S.W.2d 948 (10th DCA- 05/18/67) Lynch v. United States, 292 U.S. 571, 78 L. Ed. 1434, 54 S. Ct. 840**. It also means this under the Texas Constitution**. See G.C. & S.F. Ry. Co. v. Fuller, 63 Tex. 467, 469 (**1885**)

[129] Nautilus , Inc. v Biosig Instruments, Inc. No. 13-369 (US Supreme Court - June 2, 2014) (patents) ; Kent , et al, v Dulles, 357 US 116 (U.S. 06/16/1958)(Right to travel)

[130] *Pennsylvania Coal Co. v. Mahon*, 260 US 393 (1922),

[131] Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004)

relief pursuant to 42 USC 1983[132]. Accordingly, Mr. Perez ought to have been given leave to amend in order to also sue Ms. Marie Robinson in her individual capacity[133].

**X**

**THE COURT ERRED IN DISMISSING**
**MR. PEREZ' ULTRA VIRES CLAIM AGAINST**
**<u>DEFENDANT MARI ROBINSON, JD  IN HER OFFICIAL CAPACITY</u>**

A suit against a state official for acting outside her authority is not barred by sovereign immunity[134].   In Heinrich, the Court affirmed the rule that suits, as here,  for declaratory or injunctive relief against a state official to compel compliance with statutory or constitutional provisions are not suits against the State[135].

**XI**

**MR. PEREZ OUGHT TO HAVE BEEN**
**GIVEN LEAVE TO AMEND IN ORDER TO ALSO**
**<u>SUE MARIE ROBINSON IN HER INDIVIDUAL CAPACITY</u>**

---

[132] Kentucky v. Graham, 473 U.S. 159, 165 (1985); Newman v. Bryan, 06-13-00063-CV (Tex.App. Dist.6 10/09/2013) citing *Aguilar v. Frias*, 366 SW 3d 271,  273 (Tex. App.—El Paso 2012, pet. denied)

[133] ROA Vol 1 of 2 p 150; State v. Holland, <u>221 S.W.3d 639</u>, 643 (Tex. 2007); Miranda, 133 S.W.3d at 226-27.

[134] ROA Vol 1 of 2, p 150; Texas Parks and Wildlife Department v. the Sawyer Trust, No. 07-0945 (Tex. 08/26/2011) citing City of El Paso v. Heinrich, <u>284 S.W.3d 366</u>, 370-74 (Tex. 2009)

[135] Id citing  Heinrich, 284 S.W.3d at 370-74.

A plea to the jurisdiction challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action[136]. State government employees may be sued in their individual capacities for damages, declaratory or injunctive relief pursuant to 42 USC 1983[137]. Accordingly, Mr. Perez ought to have been given leave to amend in order to also sue Ms. Marie Robinson in her individual capacity[138].

## XII

### THE TRIAL COURT ERRED IN NOT ADJUDICATING WHETHER THE PROPERTY HAS BEEN TAKEN AND/OR SEIZED WITHIN THE MEANING OF US CONSTITUTION FOURTH AND FIFTH AMENDMENTS

The Fifth Amendment forbids takings in the form of government regulations that effectively deprive a property of all economic value[139].The Takings Clause applies to the states[140]. Where a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and

---

[136] Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004)

[137] Kentucky v. Graham, 473 U.S. 159, 165 (1985); Newman v. Bryan, 06-13-00063-CV (Tex.App. Dist.6 10/09/2013) citing *Aguilar v. Frias*, 366 SW 3d 271, 273 (Tex. App.—El Paso 2012, pet. denied)

[138] ROA Vol 1 of 2, p 150-151; State v. Holland, 221 S.W.3d 639, 643 (Tex. 2007); Miranda, 133 S.W.3d at 226-27.

[139] Stop the Beach Renourishment, Inc. v. Florida Dep't of Environmental Protection, No. 08-1151 (U.S. 06/17/2010) citing Lucas v. South Carolina Coastal Council, 505 US 1003, 1019 (1992).

[140] *Chicago, B & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897),

been denied just compensation.[141]

But the *Williamson County* ripeness doctrine "does not preclude state courts from <u>hearing simultaneously</u> a plaintiff's request for compensation under state law and a claim that, in the alternative, the denial of compensation would violate the Fifth Amendment of the Federal Constitution.[142]

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment[143], provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property[144].

The Fourth Amendment applies to civil as well as criminal seizures[145], and the Supreme Court holds that an interference with individual property rights may be found to breach more than one provision of the Constitution[146].

---

[141] Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, <u>473 U.S. 172</u>, 195 (1985).

[142] Town of Nags Head v. Toloczko, 12-1537 (4th Cir. 08/27/2013) citing *San Remo Hotel, L.P. v. City & Cnty. of S.F., Cal.,*545 US 323, 346 (2005).

[143] Ker v. California, <u>374 U.S. 23</u>, 30, 83 S.Ct. 1623, 1628 (1963),

[144] Severance v. Patterson, 566 F.3d 490 (5th Cir. 04/23/2009) citing United States v. Jacobsen, <u>466 U.S. 109</u>, 113, 104 S.Ct. 1652, (1984); Soldal v. Cook County, 506 U.S. 56, 61, 113 S.Ct. 538, 543 (1992).

[145] Severance v. Patterson, 566 F.3d 490 (5th Cir. 04/23/2009) citing Freeman v. City of Dallas, <u>242 F.3d 642</u>, 647 n.5 (5th Cir. 2001) (en banc),

[146] Id citing United States v. James Daniel Good Real Property, <u>510 U.S. 43</u>, 49-50, 114 S.Ct. 492, 499 (1993).

Separate claims for constitutionally unreasonable seizure and taking of property may coexist[147].

Further, the courts have ruled more than once that substantive due process, procedural due process, equal protection and takings claims may be implicated simultaneously in various types of governmental actions that interfere with individual property rights[148].

The Fourth and Fifth Amendments both provide specific constitutional commands[149]. That they may have evolved through case law to overlap in providing remedies for some deprivations of property interests does not authorize the court to fail to apply one or the other provision[150]. Indeed, as Presley noted, the elements of a violation of the two amendments differ, with the touchstone of a takings claim being lack of just compensation and that of a seizure claim being its unreasonableness[151]. Further, § 1983 authorizes different damage measures for the claims[152].

---

[147] Id citing Presley v. City of Charlottesville, 464 F.3d 480, 487 (4th Cir. 2006).
[148] Id citing Simi Inv. Co.. v. Harris County, 236 F.3d 240, 248-49 (5th Cir. 2000); John Corp. v. City of Houston, 214 F.3d 573, 584-85 (5th Cir. 2000).
[149] id
[150] id
[151] Severance v. Patterson, 566 F.3d 490 (5th Cir. 04/23/2009)
[152] City of Monterey v. Del Monte Dunes at Monterey, 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (U.S. 05/24/1999) citing Heck v. Humphrey, 512 U. S. 477, 483 (1994)

# XIII

## THE DEFENDANTS EXHIBIT "A" IS INADMISSIBLE EVIDENCE

The Defendants submitted the Texas Physician Assistant Board "Default Order" as exhibit "A". Mr. Perez objected pursuant to Texas Rule of Evidence 401and 402 because the same is irrelevant.

The Defendants have failed or refused to show that they have the Constitutional or statutory authority to revoke Mr. Perez right to work in his chosen profession on a default basis[153].

Furthermore, the document is inadmissible pursuant to Tex. R. Civ. Evid. 803(6)) because the custodian of records did not testify that the same was a record of regularly conducted business or activity and not prepared in anticipation of litigation[154].

# XIV

## THE DEFENDANTS EXHIBITS "B" THROUGH "H" ARE INADMISSIBLE EVIDENCE

Mr. Perez also objects to Exhibits B through E. Cause of Action No. D-1-GN-12-000798 was **a parallel action** filed in the Austin District Court

---

[153] Firstly, the board's failure or refusal to disclose underlying facts constitutes reversible error, Gibson v. Texas Municipal Retirement System,683 SW 2d 882 (Tex. App.--Austin 1985, no writ) citing Bay City Federal Savings and Loan Ass'n. v. Lewis, 474 SW 2d 459 (Tex. 1971).
[154] Sholdra v. Bluebonnet Sav. Bank, FSB, 858 SW 2d 533, 535 (Tex. App.-Fort Worth 1993, writ denied);

seeking a declaratory judgment and injunctive relief .  Texas considers

**parallel actions** to be interlocutory in nature and not appealable[155]. The State

Court dismissed the Perez' lawsuit because the administrative action was still

ongoing at the State Office of Administrative Hearings and therefore the

Travis County  District Court  and the Third District Court of Appeals lacked

subject matter jurisdiction  pursuant to Texas Administrative Code

Sec. 2001.171[156]. If a court lacks jurisdiction over the subject matter , any

judgment rendered in that proceeding is void.[157]

   Mr. Perez also objected to Exhibits F through H.  Mr. Perez' filed a

complaint for declaratory and injunctive relief in the United District Court

(USDC) in the Western District Of Texas. . The USDC and the US Court of

Appeals  dismissed the complaint on  June 25th , 2013 because they concluded

that Mr. Perez case was before the Physician Assistant Board  and therefore

the Younger Abstention Doctrine deprived them of jurisdiction. If a court

lacks jurisdiction over the subject matter , any judgment rendered in that

proceeding is void.[158]

---

[155] Webb v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972); Pelt v. State Bd. of Ins., 802 S.W.2d 822, 827 (Tex. App.-Austin 1990, no writ);
[156] § 2001.171. JUDICIAL REVIEW.
[157]Travelers Ins. Co. v. Joachim, 315 SW 3d 860, 862 (Tex. 2010);  First State Bank Central Texas v. Lakeway Regional Medical Center Development, LLC, 03-13-00058-CV (Tex.App. Dist.3 02/20/2014)
[158]id

**XV**

**MR. PEREZ OUGHT TO BE GRANTED LEAVE  TO
AMEND DEFECTIVE ALLEGATIONS
OF JURISDICTION IN THE APPELLATE COURTS**

Assuming arguendo, that Mr. Perez has failed to allege jurisdictional facts in the trial court  which would have shown that Texas has waived sovereign immunity, Mr. Perez respectfully submits that, as to federal claims,   he can amend defective allegations of jurisdiction in the appellate courts pursuant to 28 USC § 1653[159].

Concerning 28 USC 1653 The US Supreme Court has stated that :

"The "complaint" filed in the District Court, see n. 5, supra, nowhere mentioned § 1331 nor alleged the requisite amount in controversy. The facts alleged and the claim asserted nonetheless were sufficient to demonstrate the existence of a federal question. See C. Wright, Law of Federal Courts 290-291 (2d ed. 1970). **And although a complaint under § 1331 is fatally defective unless it contains a proper allegation of the amount in controversy, see, e. g., Canadian Indemnity Co. v. Republic Indemnity Co., 222 F.2d 601 (CA9 1955), respondent now claims that the matter in controversy does exceed the requisite amount. Brief for Respondent on the Jurisdictional Issues 4-5. Defective allegations of jurisdiction may be amended, 28 U.S.C.  § 1653. In view of our disposition of the case, however, no purpose would be served by requiring a formal amendment at this stage." (emph. Added)**

Mr. Perez fully understands that 28 USC 1653 does not apply to Texas jurisprudence. But Mr. Perez respectfully submits that Texas jurisprudence, as shown hereinbelow, has adopted the rationale used by Congress in adopting 28 USC 1653.

---

[159] Schlesinger v. Councilman, 420 US 738,   744 n. 9, 95 S. Ct. 1300, 1306 n. 9, 43 L. Ed. 2d 591 (1975); Smith v. United States,502 F 2d 512 , 519-20 (5th Cir. 1974).

Firstly,  the Texas Supreme Court has ruled that a litigant may raise Constitutional Claims for the first time on appeal[160].

Mr. Perez has a substantive right of adequate, effective, and meaningful access to the courts[161]. The right is protected by, inter alia, (a) the First Amendment right to petition for redress of grievances; (b) the fourteenth amendment guarantees of procedural and substantive due process[162]; (c) the Fifth Amendment due process clause[163], (d) and the Fourteenth Amendment equal protection clause[164].

Mr. Perez can raise the issue of subject matter jurisdiction for the first time on appeal[165]. Hence, he should be able to   amend defective allegations of jurisdiction in the appellate courts pursuant to (a)  **Tex. Const.** art. I, § 13[166]. The open courts provision of the Texas Constitution provides: "All courts shall be open and every person for an injury done him, in his lands, goods, person or reputation, shall have

---

[160] City of Dallas v. Heather Stewart, No. 09-0257 (Tex. 01/27/2012 [a constitutional] claim may be asserted for the first time in the district court upon appeal of the agency order) citing 1 Beal , Texas Administrative Practice and Procedure  § 9.3.1[c]

[161] Jackson v. Procunier, 789 F.2d 307 (5th Cir. 05/09/1986) citing Bounds v. Smith, 430 US 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977).

[162] id

[163]  Christopher v. Harbury, 536 US 403,   415 n.12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

[164] id

[165] City of Houston v. Rhule, 12-0721 (Tex. 11/22/2013) quoting *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 SW 3d 351, 358 (Tex. 2004)).

[166]. *Marino v. King*, 355 SW 3d 629,634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults.");

[166] *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 SW 3d 307, 310 (Tex. 2012). A Rodriguez v. Bolanos, 04-12-00287-CV (Tex.App. Dist.4 05/29/2013)

remedy by due course of law." **Tex. Const.** art. I, § 13. This requirement

"guarantees that a common law remedy will not be unreasonably abridged[167] .

Secondly, Mr. Perez respectfully submits that , as to all claims, he can amend defective allegations of jurisdiction in the appellate courts pursuant to The Due Process Clauses of the Texas Constitution and the Fourteenth Amendment to the United States Constitution[168] because in Texas an adjudication in the merits is preferred[169].

Mr. Perez respectfully submits that, as to all claims, he ought to be allowed to amend defective allegations of jurisdiction in the appellate courts pursuant to Tex. R. App. P. Tex.R. App. P. 38.7[170] , Rule 33.1(d)[171] and Rule 2[172]. In Majid vs Hussain the Third District Court of Appeals stated :

> *"The rules further instruct us to construe the briefing requirements "liberally"*
> *and that "substantial compliance" is sufficient, as the point of having briefs in*

---

[167] Elizabeth Rivera , as next of friend for MR NO. 13-0096 August 22, 2014 ; citing Tex. Workers' Comp. Comm'n v. Garcia, 893 SW 2d 504, 521 (Tex. 1995).

[168] Simmons vs Outreach Health Community Care No. 08-13-00204-CV (8th DCA - November 7, 2014) (." **U.S Const.** Amend. XIV, § 1. ;**Tex.Const.** art. I, § 19.

[169] Milestone Operating, Inc. and Dstj, L.L.P v. Exxonmobil Corporation, No. 11-0647 (Tex. 10/26/2012) citing Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 86 (Tex. 1992).

[170] Majeed v. Hussain, No. 03-08-00679-CV (Tex.App. Dist.3 10/22/2010)

[171] Central Austin Apartments, LLC v. UP Austin Holdings, LP, NO. 03-13-00080-CV (3rd DCA- December 8, 2014) (In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief)

[172] Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 12/04/1997) (we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule citing Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex.1993); *Marino v. King*, 355 SW 3d 629,634 (Tex. 2011) ("Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults.");

*the first place is merely to "acquaint the court with the issues in a case and to present argument that will enable the court to decide the case" and not to impose formal requirements as ends in themselves. Id. R. 38.9.* ***The rules further contemplate that appellate courts will afford parties the opportunity to cure any formal or substantive briefing defects before disposing of the appeal based on such a defect rather than the merits. See id.; see also Inpetco, Inc. v. Texas Am. Bank/Houston, 729 S.W.2d 300, 300 (Tex. 1987) (regarding parallel provisions of former appellate rules). Finally, "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." See Tex. R. App. P. 38.7****." (emph added)*

## CONCLUSION

WHEREFORE Mr. Perez respectfully submits that the trial court judgment

be reversed and the case remanded.

Respectfully Submitted,

_____/S/__Jose A Perez_____

34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing " Amended Plaintiff/Appellant's Initial Appellant Brief " was served by emailing a copy thereof via the State efiling system on this 7th Day of March 2015 to:

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
ted.ross@texasattorneygeneral.gov
Margaret.Evins@texasattorneygeneral.gov

Respectfully Submitted,

_____/S/__Jose A. Perez_____

**TRAP 9.4(i)(3)**
 **CERTIFICATE OF COMPLIANCE**

This brief was prepared with a conventional 14-point typeface, with footnotes

in12-point typeface. The computer program used to prepare this document

determined the word count to be 14,879 which includes all words contained in this

brief, excepting the cover page and index of authorities.

No. 03-14-00644-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

JOSE A. PEREZ

Appellant

Vs.

TEXAS MEDICAL BOARD and MARI ROBINSON JD, in her Official Capacity

Appellees.

Appeal from the 53rd Judicial District Court
Travis County , Texas

Appellant's Amended Appendix

Jose A. Perez
34 Candle Pine Place
The Woodlands, TX 77381
theaesculapius@gmail.com
281-673-0452

## DOCUMENTS

1- September 18th, 2014 Final Judgment
2- September 5th, 2014 Order Granting the Defendant's Plea to the Jurisdiction
3- Correspondence From the Court dated July 3rd, 2014
4- Texas Medical Board Request to Docket Case 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.PA
5- ALJ's Order Dismissing Case

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing " Plaintiff/Appellant's Amended Appendix " was served by emailing a copy thereof via the State efiling system on this 7th Day of March 2015 to:

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
ted.ross@texasattorneygeneral.gov
Margaret.Evins@texasattorneygeneral.gov


_____/S/_Jose A. Perez_____

DC          BK14269 PG396

Notice sent:  Final  Interlocutory  None

Disp Parties:_____

Disp code:  CVD / CLS _____

Redact pgs:_____

Judge  DXB      Clerk  CJ

Filed In The District Court
of Travis County, Texas

SEP 1 8 2014  JF

At_____ 2:10 ___

Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-14-001172

| | | |
|---|---|---|
| **JOSE A. PEREZ,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **TEXAS MEDICAL BOARD and** | § | |
| **MARI ROBINSON, J.D., in her** | § | |
| **Official Capacity** | § | |
| *Defendants.* | § | **53RD JUDICIAL DISTRICT** |

## FINAL JUDGMENT

Pursuant to the Court's order granting Defendants' Plea to the Jurisdiction. IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all of Plaintiff's claims in the captioned proceeding are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that all costs are taxed against Plaintiff.

Signed on this  18  day of September, 2014.

THE HONORABLE DARLENE BYRNE
Judge Presiding

Notice sent  Final Interlocutory (None)
Disp Parties:_____ All
Disp code: (CVD)/ CLS __4012__
Redact pgs:_____
Judge _DXB____ Clerk _KAH___

DC                    BK14252 PG1722

Filed in The District Court
of Travis County, Texas

SEP 05 2014  3:11 p.m.

CAUSE NO. D-1-GN-14-001172

| | | |
|---|---|---|
| JOSE A. PEREZ, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TEXAS MEDICAL BOARD, and | § | |
| MARI ROBINSON, in her official | § | |
| capacity, | § | |
| Defendants. | § | 353rd JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS' PLEA TO THE JURISDICTION

Came on for consideration the First Amended Plea to the Jurisdiction of Defendants Texas Medical Board and Mari Robinson. After considering the same and the relevant pleadings and briefing on file herein, the Court is of the opinion that Defendants' Plea should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' First Amended Plea to the Jurisdiction is GRANTED.

SIGNED on the __5__ day of September, 2014.

DARLENE BYRNE
PRESIDING JUDGE

91

**DARLENE BYRNE**
Judge
(512) 854-9313

**KATY GALLAGHER PARKER**
Staff Attorney
(512) 854-4915

**RENE SALINAS**
Court Operations Officer
(512) 854-9891



**JAMES FERRELL**
Court Clerk
(512) 854-5846

**MEANETTE SALGADO**
Official Court Reporter
(512) 854-7848

# 126TH DISTRICT COURT

TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
FAX: (512) 854-9780

July 3, 2014

Mr. Ted A. Ross
Assistant Attorney General
Administrative Law Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
*Via Facsimile: (512) 457-4674*
*and Via Email to:*
*ted.ross@texasattorneygeneral.gov*

Mr. Jose A. Perez
34 Candle Pine Place
The Woodlands, TX 77381
*Via Email: theaesculapius@gmail.com*

Re:  Cause No. D-1-GN-14-001172; *Jose A. Perez vs. Texas Medical Board;* in the 53rd Judicial District, Travis County, Texas

Dear Mr. Ross and Mr. Perez:

The Court has received from Mr. Jose A. Perez the attached "Motion to Adjudicate the Pending Motions by Written Submission". Accordingly, the Court would like to first adjudicate the Defendants' Plea to the Jurisdiction via written submission. At this time, the Court's review will be SOLELY limited to the plea to the jurisdiction.

Defendant is requested to submit any further briefing or materials that Defendant wishes the Court to review on the issue of the Plea to the Jurisdiction by **5:00 p.m. Thursday, July 31, 2014**. Plaintiff is requested to submit any responsive pleadings or material on the issue of the plea to the jurisdiction no later than **5:00 p.m. Thursday, August 28, 2014**. After receiving a copy of Plaintiff's response, Defendant may file a reply to that response, but no later than **5:00 p.m. Friday, September 12, 2014**.

In addition to filing your briefing on this issue with the District Clerk's office, please provide courtesy copies to the Court via facsimile to (512) 854-9780, or via

email to my staff attorney at katy.gallagher-parker@co.travis.tx.us. After all briefing has been received, the Court will consider this matter via written submission and the Court's Order will be forwarded to the parties.

Please let my staff attorney know if you have any questions.

Sincerely,

Darlene Byrne
Judge, 126th District Court
Travis County, Texas

Katy Gallagher Parker
Staff Attorney, 126th District Court
Phone: (512) 854-4915
Fax: (512) 854-9780
katy.gallagher-parker@co.travis.tx.us

xc: Ms. Amalia Rodriguez-Mendoza, District Clerk

| Date complete request received by SOAH: | Proceeding date set by SOAH: | SOAH Docket Number& type of case: |
|---|---|---|
| 10-26-11 | | 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.PA |

## REQUEST TO DOCKET CASE (Please type or print)

### PLEASE CHECK ACTION REQUESTED:**

☐ *SETTING OF HEARING*   ☒ *ASSIGNMENT OF ALJ* *   ☐ *ALTERNATIVE DISPUTE RESOLUTION (ADR)/MEDIATON*

REFERRING AGENCY NAME: Texas Medical Board   AGENCY NO.: 503   AGENCY'S FILE/CASE NO.: PA-00131

NAME/STYLE OF THE CASE: In the Matter of the Complaint Against Jose A. Perez, PA

DATE APPLICATION FILED AT AGENCY: 10/26/2011   DOCKET NO. SUFFIX, if applicable: PA

PROCEEDING DATE(S) REQUESTED (Include range of dates if possible): _____

EXPECTED NUMBER OF HOURS (If less than a day) OR DAYS NEEDED FOR PROCEEDING: _____ HOURS  2  DAYS

☐ **ADMIN. FINE**   ☐ **GRIEVANCE**   ☐ **ENFORCEMENT**   ☐ **CONTRACT CLAIM** (Gov't. Code 2260)   ☐ **OTHER** _____

SPECIAL NEEDS OR ACCOMMODATIONS: _____

IF ADR REQUESTED PLEASE DESCRIBE PROCESS NEEDED: _____
☐ PREHEARING CONFERENCE REQUESTED   ☐ INTERPRETER NEEDED(See 1 TAC § 155.407)

☐ CASE FILE and/or ☐ HEARING IS CONFIDENTIAL (Specify applicable statute): _____

NAME OF INDIVIDUAL SENDING REQUEST FORM: Patricia M. Perez   PHONE NO.: 512-305-7017   FAX NO.: 512-305-7007
Email Address: patricia.perez@tmb.state.tx.us

### PARTIES AND REPRESENTATIVES

| | |
|---|---|
| PARTY REPRESENTED BY: ☐ SELF ☒ ATTORNEY ☐ OTHER, If so, relationship: | PARTY REPRESENTED BY: ☐ SELF ☒ ATTORNEY ☐ OTHER, If so, relationship: |
| REPRESENTATIVE'S NAME: Lee Bukstein | REPRESENTATIVE'S NAME: Jose A. Perez, PA |
| PARTY'S NAME: TEXAS MEDICAL BOARD | PARTY'S NAME: Jose A. Perez, PA |
| ADDRESS: 333 GUADALUPE, TOWER 3, SUITE 610 Austin, Texas 78701 | ADDRESS: 10223 Broadway, Suite 504 Pearland, TX 77584 |
| PHONE No : 512-305-7079 (Direct Phone Number Please) | PHONE No.: 281-746-4949 (Direct Phone Number Please) |
| Email Address: lee.bukstein@tmb.state.tx.us | Email Address: theaesculapius@gmail.com |
| FAX No.: 512-305-7007 | FAX No.: |

### PLEASE LIST ADDITIONAL PARTIES AND/OR REPRESENTATIVES ON EXTRA FORM PROVIDED.

SEND TO:   STATE OFFICE OF ADMINISTRATIVE HEARINGS
ATTN.: Deputy Clerk
William P. Clements Building          Post Office Box 13025
300 West 15th Street, Suite 504     OR    Austin, Texas 78711-3025
Austin, Texas 78701                 Docketing Phone No. (512) 475-3445
                                    Fax No. (512) 322-2061

**\*PLEASE FORWARD A COPY OF THE APPLICATION, APPEAL, OR COMPLAINT WITH THIS REQUEST FORM, AS WELL AS ANY OTHER PLEADING FILED IN THE CASE TO DATE IF REQUESTING *ASSIGNMENT OF ALJ or ALTERNATIVE DISPUTE RESOLUTION (ADR)/MEDIATION*. A COPY OF THE NOTICE OF PROCEEDING MUST BE FORWARDED TO SOAH AT THE SAME TIME IT IS MAILED TO THE PARTIES.**

| | | |
|---|---|---|
| TEXAS PHYSICIAN ASSISTANT BOARD, § | | BEFORE THE STATE OFFICE |
| Petitioner § | | |
| § | | |
| v. § | | OF |
| § | | |
| JOSE A. PEREZ, P.A.-C, § | | |
| Respondent § | | ADMINISTRATIVE HEARINGS |

## ORDER NO. 14
## ORDER DISMISSING CASE

This matter came to be heard on April 24, 2013, before Administrative Law Judge (ALJ) Catherine C. Egan. Staff Attorney Lee Bukstein appeared on behalf of the Texas Physician Assistant Board. Respondent Jose A. Perez, P.A.-C did not appear and was not represented at the hearing. After admitting and reviewing Staff's Exhibits 1-6, the ALJ found that Staff provided adequate notice to the Respondent of the hearing, the ALJ granted Staff's Motion for Default.[1]

Therefore, it is **ORDERED** that this matter is **DISMISSED** from the State Office of Administrative Hearings docket on a default basis. Tex. Admin. Code § 155.501.[2] The file is being returned to the Board for informal disposition on a default basis. Tex. Gov't Code § 2001.056.

SIGNED May 8, 2013.

CATHERINE C. EGAN
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS

---

[1] Staff's Exhibit 6 is the Notice of Hearing dated March 19, 2013, sent certified mailing to Respondent at his last known address, and was signed for on behalf of Respondent on March 21, 2013.

[2] The ALJ only reviewed the adequacy of the notice and not the sufficiency of the factual allegations.